BLD-117                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2025
_____

SERGEI KOVALEV,
                              Appellant

v.

HOME DEPOT USA INC; HOME DEPOT INC;
HOME DEPOT #4112; CRAIG MENEAR;
JANE DOE I; JANE DOE II; DOES 1 THROUGH 10
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:22-cv-00465)
District Judge:  Honorable Gerald A. McHugh
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 3, 2025
Before:  SHWARTZ, MATEY, and CHUNG, Circuit Judges

(Opinion filed April 22, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

In November 2021, the appellant, Sergei Kovalev, commenced an action in the United States District Court for the Eastern District of Pennsylvania against Home Depot U.S.A., Inc., and related entities. Kovalev v. Home Depot, E.D. Pa. Civ. No. 21-cv-05010. He claimed that an employee at a Philadelphia store had discriminated against him on account of his race by refusing to double-bag his items at checkout.[1] Shortly after commencing the action, Kovalev voluntarily dismissed it and commenced a similar action in the Court of Common Pleas of Philadelphia County. Home Depot removed that action back to federal court based on diversity jurisdiction. Kovalev v. Home Depot, E.D. Pa. Civ. No. 21-cv-00465. Kovalev moved to remand it, but the District Court denied his request.

Kovalev then filed an amended complaint asserting that the cashier and other employees at the store committed numerous Pennsylvania torts and federal civil rights violations against him. Home Depot moved to dismiss the amended complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The District Court granted the motion but provided Kovalev sixty days to amend his pleading. Rather than doing so, Kovalev appealed. We summarily affirmed, agreeing with the District Court that he had failed to allege sufficient factual matter to state a plausible claim for relief.

---

[1] Kovalev described himself as a "White person of Eastern European ethnic origin" and the check-out cashiers as "African-American/Black." Compl. ¶ 14, 19, ECF No. 2.

2

Kovalev then returned to the District Court and requested leave to file a second amended complaint.[2]  In the proposed pleading, he omitted his federal claims, reasserted his dismissed state-law claims, and asked the District Court to remand the case to state court.  The District Court recognized that leave to amend may be granted under Federal Rule of Civil Procedure 15(a) "when justice so requires," but the court denied leave here because Kovalev had failed to move to amend within the time ordered and was acting in bad faith by attempting to revive claims that had already been dismissed.

Kovalev appealed.  In his notice of appeal, he states that he seeks review of the District Court's orders (1) denying his motion to remand the case to the state court; (2) denying certain discovery requests; (3) dismissing his amended complaint; and (4) denying his motion to file a post-judgment amended complaint.  But Kovalev's notice of appeal is timely only as to the order denying his motion to file a post-judgment amended complaint.  See Fed. R. App. P. 4(a)(1) (stating that a notice of appeal in a civil case in which the United States is not a party must be filed within thirty days after entry of the judgment or order appealed from).  Therefore, our jurisdiction is limited to review of that order.

We see no error.  "When a party seeks leave to amend a complaint after judgment has been entered, it must also move to set aside the judgment pursuant to Federal Rule of

---

[2] Kovalev also filed his proposed second amended complaint in state court.

Civil Procedure 59(e) or 60(b), because the complaint cannot be amended while the judgment stands." Mullin v. Balicki, 875 F.3d 140, 149 (3d Cir. 2017) (internal quotation marks and alteration omitted); see also Ahmed v. Dragovich, 297 F.3d 201, 207–08 (3d Cir. 2002). Because Kovalev never moved to set aside the District Court's dismissal, he could not use Rule 15 to amend his pleading.

Moreover, to the extent that his motion to amend could be construed as including a request to set aside the judgment, the District Court acted within its discretion in denying it. Among the factors justifying denial of leave to amend under Rule 15(a)(2) are undue delay, bad faith or dilatory motive, prejudice to the opposition, repeated failures to correct deficiencies with previous amendments, and futility of the amendment. Mullin v. Balicki, 875 F.3d 140, 149 (3d Cir. 2017) (citing Forman v. Davis, 371 U.S. 178 (1962)). As the District Court explained, Kovalev was given sixty days to file a motion for leave to amend his complaint but did not do so for seven months, and only after pursuing a meritless appeal. In addition, it would be futile to permit amendment, as the proposed amended complaint reasserts claims that the District Court already dismissed.

Because this appeal does not present a substantial question, we will summarily affirm the District Court's order. See 3d Cir. LAR 27.4 and I.O.P. 10.6.